R. B. JONES & SONS, INC., APPELLANT, v. RAY E. NELSON,
D/B/A RAY E. NELSON TRANSPORTATION COMPANY,
APPELLEE.

119 N. W. 2d 56

Filed January 11, 1963. No. 35285.

Andrew J. McMullen, for appellant.

Tye, Worlock & Knapp, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an action at law brought by R. B. Jones & Sons, Inc., against Ray E. Nelson, d/b/a Ray E. Nelson Transportation Company, to recover the unpaid amount of an advance premium deposit due on a motor vehicle insurance policy, which was paid by the plaintiff at the request of the defendant. The defendant denied that there was any amount due. A jury was waived and a trial had to the court. At the close of plaintiff's case defendant moved to dismiss the action. The motion was sustained and plaintiff has appealed.

The petition alleges that plaintiff is a licensed agent for Allstate Insurance Company in the State of Missouri. It further alleges that at the request of Ray E. Nelson

it procured a policy of insurance for Ray E. Nelson d/b/a Nelson Transportation Company, effective November 1, 1959. It alleges, also, that the insurance contract required the insured to pay a $2,000 advance premium deposit which was paid by plaintiff to Allstate Insurance Company on the promise of Nelson to reimburse the plaintiff. The petition further alleges a failure on the part of defendant to pay the $2,000. The policy of insurance was canceled as of April 1, 1960. Plaintiff admits a credit of $701.41, and prays for judgment in the amount of $1,298.59 and interest. The policy contract was attached to and made a part of the petition.

The plaintiff called Vivian Moore as its only witness. She is an employee of the plaintiff, holding a position which she described as account executive. She testified as follows: The plaintiff is an insurance agent for Allstate Insurance Company. Sometime prior to November 1, 1959, Ray E. Nelson contacted the plaintiff for the purpose of obtaining a bodily injury and property damage liability insurance policy. Plaintiff procured a policy of insurance from the Allstate Insurance Company, effective November 1, 1959, which was filed with the Interstate Commerce Commission, to meet the requirements of that body as to one holding a certificate as a common carrier. The policy was issued to Ray E. Nelson d/b/a Ray E. Nelson Transportation Company. The numerous attached endorsements were made to Ray E. Nelson Transportation Company.

The policy provides for a premium for the bodily injury and property damage liability based on a fixed charge on each $100 of gross receipts received as a common carrier. The policy also provides for annual minimum premiums totalling $9,000. An endorsement attached to the policy provided that upon delivery of the policy the insured shall pay an advance premium deposit of $2,000 and render a statement of gross receipts within 10 days following the end of each month. The insured was required to forthwith pay the earned

premium on such monthly gross receipts. The policy contract provides: "The deposit premium shall be applied to the last premium installment. If the total earned premium for the policy exceeds the amount of the estimated advance premium or the deposit premium plus the premium earned in the adjustment periods, the named insured shall pay the excess to the company; if less, the company shall return to the named insured the unearned portion paid by such insured; however, the total earned premium for the adjustment period shall not be less than the minimum premiums stated in the schedule." The evidence shows that insured did not pay the $2,000 to plaintiff but agreed to personally pay $1,000 within 3 months and give plaintiff his note for the remaining $1,000. Insured did not pay the $1,000 or give the note. Plaintiff paid the $2,000 to Allstate Insurance Company. The witness testified that insured paid the monthly premiums due on gross receipts in the total amount of $505.51. She further testified that plaintiff received the sum of $701.41 on a judgment in favor of the insured. These two amounts totalled $1,206.92.

The witness further testified that because of the failure of the insured to make the payments due in accordance with the policy, the policy was canceled on April 1, 1960. In determining the earned premium due, the insured period was found to be 41 percent of 1 year. She further testified that the annual minimum premium was rerated and found to be $6,200 instead of $9,000. The amount claimed to be due on this theory is 41 percent of $6,200, which is $2,542. After crediting the $1,206.92, she testified that the sum of $1,336, actually $1,335.08, is owing. The prayer of the petition is for a judgment for $1,298.59 and interest, which she said is less than the amount actually due.

The petition alleges that plaintiff paid $2,000 to the Allstate Insurance Company at the request of defendant, for which the defendant agreed to reimburse the

plaintiff on the terms hereinbefore stated. The petition prays for judgment for $2,000, less the credit of $701.41, which is $1,298.59. The policy shows that a minimum premium of $9,000 was to be paid. Vivian Moore testified that it has not been paid and that the $2,000 advance premium deposit was chargeable to the minimum annual premium. Neither plaintiff nor defendant, therefore, is entitled to the return of the $2,000 paid to the Allstate Insurance Company. The evidence makes a prima facie case for the amount claimed to be due.

The evidence adduced also tends to support a claim by Allstate Insurance Company for the balance due under the annual minimum premium schedule. This evidence was improperly admitted, because such evidence is a complete departure from the cause of action pleaded in the petition.

The defendant contends that Ray E. Nelson Transportation Company is a corporation and that it was improperly sued as such. The suit is against Ray E. Nelson, d/b/a Ray E. Nelson Transportation Company. In other words, in considering the motion to dismiss, we must treat the action as one against Ray E. Nelson d/b/a Ray E. Nelson Transportation Company. The petition does not indicate that it is an action against a corporation. Any judgment rendered would be against Ray E. Nelson personally and not against the corporation.

We hold therefore that the petition alleges a cause of action against Ray E. Nelson d/b/a Ray E. Nelson Transportation Company and that the evidence is sufficient to sustain a judgment for the amount prayed for. The trial court was in error in sustaining the motion to dismiss.

The judgment is reversed and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.

SIMMONS, C. J., not participating.